IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:24-cr-110 |
| v. ) | |
| ) | |
| NOLAN RYAN RORK, ) | GOVERNMENT'S |
| ) | SENTENCING MEMORANDUM |
| Defendant. ) | |

## INTRODUCTION

Nolan Ryan Rork had a warrant out for his arrest for cutting off his ankle bracelet while on probation with the state of Iowa and got caught running from law enforcement with two loaded firearms. The Court should sentence him to 130 months in prison.

## PROCEDURAL BACKGROUND

On August 20, 2024, a grand jury returned a one-count Indictment charging Nolan Ryan Rork with the crime of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). A notice of forfeiture was filed. ECF 2.

On November 22, 2024, Defendant plead guilty to the one-count Indictment charging Defendant with the crime of Felon in Possession of a Firearm. ECF 28.

On December 11, 2024, the Court accepted Defendant's plea and adjudicated him guilty. ECF 33. There is no plea agreement in this case and no counts to

dismissed. Sentencing is currently set for March 25, 2025, at 10:00 a.m. before the Honorable Chief Judge Stephanie M. Rose.

On January 31, 2025, the government filed an objection to the draft Presentence Investigation Report (PSR) stating there should be an increase of 2 levels to the Total Offense Level pursuant to U.S.S.G. §3C1.2. ECF 36. On February 7, 2025, an objection meeting was facilitated by the probation office with the parties. Based on the arguments raised during the objection meeting, the government is withdrawing its objection to the PSR and is not requesting an increase of 2 levels pursuant to U.S.S.G. §3C1.2.

## SENTENCING GUIDELINES

The government agrees the PSR (¶¶ 21 – 31, 43 – 45, 111) correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2K2.1(a)(1)   (base) | 26 |
| USSG §2k2.1(b)(B)(6) (in connection – drug distribution) | +4 |
| <u>USSG §3E1.1 (acceptance of responsibility)</u> | <u>–3</u> |
| Total Offense Level | 27 |
| Criminal History Category | VI |
| Guideline Sentencing Range | **130** to **162** months' imprisonment |

**III.   SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION**

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

2

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a sentence of imprisonment of 130 months, followed by a three-year term of supervised release.

Defendant was on the run after cutting off his GPS ankle bracelet. PSR ¶ 9. During the time Defendant absconded, law enforcement received information Defendant was allegedly armed and committing crimes. *Id*.

On June 10, 2024, law enforcement received an anonymous tip that Defendant was staying at a residence in Ottumwa. *Id.* ¶ 10. Law enforcement conducted surveillance on the residence and observed Defendant leave the residence. *Id.* Defendant tried to leave the area, but his escape route was blocked by law enforcement officers. *Id.* After he was surrounded, he threw his backpack on the ground. *Id.* Inside the backpack were two loaded firearms. Id. ¶ 11. One was a loaded, Taurus, 9mm pistol, with serial number TEW23847, and the other was a

3

loaded, Tanfoglio, .22 caliber revolver, with serial number E03923. Also, inside the backpack was distribution amount (61.99 grams) of methamphetamine. *Id*. ¶ 12.

This was not the first time Defendant was in possession of firearms. Defendant has multiple convictions for firearms (interference with official acts while in possession of a firearm), (trafficking stolen weapons), (interference with official acts, firearm), and (minor armed with dangerous weapon). *Id*. ¶¶ 38, 39, 41. Defendant had several photos and videos on his phone of himself with firearms. GXT 1, 2, 3, 4, 5. In a jail call made shortly after Defendant was arrested Defendant said, "If I had that bitch (gun) I would have used it." GXT 6 (at 0:43 seconds). This statement shows Defendant's violent nature.

Although Defendant is only 19 years old, he has a history of crimes of violence. In 2021, Defendant threatened a female and said, "I'll be back with a machete bitch and burn your house down." PSR ¶35a. In 2023, Defendant struck a female in the mouth several times and threatened to shoot her. *Id*. at 40. Also in 2023, Defendant engaged in fight with another inmate while in the Wapello County jail.

Defendant has mental health and substance abuse issues. PSR ¶¶ 78 – 91. However, these issues do not excuse his violent criminal past nor his conduct in this case.

For these reasons, the government believes a 130 months' imprisonment sentence would be sufficient but not greater than necessary to accomplish the goals

of sentencing. The Court should sentence Defendant to 130 months' imprisonment, to be served consecutively to any state terms of imprisonment.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on March 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
\_\_\_\_U.S. Mail \_\_\_\_\_ Fax \_\_\_\_\_Hand Delivery
\_X\_\_ECF/Electronic filing \_\_\_\_Other means
ASSISTANT UNITED STATES ATTORNEY
By: *Alyssa DeGraff*
   Paralegal Specialist

By: */s/ Douglas D. Hammerand*
Douglas D. Hammerand
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Douglas.Hammerand@usdoj.gov